# EXHIBIT 5

Filing # 222746666 E-Filed 05/08/2025 04:53:56 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

       **I.    CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>LA LEY CON JOHN H. RUIZ, P.A., MSP RECOVERY, INC, MSP RECOVERY, LLC, MSP</u>

|  |  |
|---|---|
|  | <u>RECOVERY SERVICES, LLC, MSPA CLAIMS 1, LLC, MAO-MSO RECOVERY II, LLC, SERIES PMPI, a designated series of MAO-MSO RECOVE, MSP RECOVERY CLAIMS, SERIES LLC, MAO-MSO RECOVERY, LLC</u> |
| Plaintiff | Case # _____ |
|  | Judge _____ |
| vs. |  |

<u>PENDLEY, BAUDIN & COFFIN, LLP, COFFIN LAW, LLC, CHRISTOPHER L. COFFIN,</u>
<u>BOIES SCHILLER FLEXNER, LLP, SASHI BACH</u>
 Defendant

      **II.    AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

      **III.    TYPE OF CASE**        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader

- 1 -

category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☒ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ JOHN H RUIZ</u>        Fla. Bar # <u>928150</u>
      Attorney or party             (Bar # if attorney)

<u>JOHN H RUIZ</u>            <u>05/08/2025</u>
 (type or print name)         Date

Filing # 222746666 E-Filed 05/08/2025 04:53:56 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LA LEY CON JOHN H. RUIZ, P.A., d/b/a
MSP RECOVERY LAW FIRM, MSP
RECOVERY, INC., MSP RECOVERY,
LLC, MSP RECOVERY SERVICES, LLC,
MSPA CLAIMS 1, LLC, MAO-MSO
RECOVERY II, LLC, SERIES PMPI, a
designated series of MAO-MSO
RECOVERY II, LLC, MSP RECOVERY
CLAIMS, SERIES LLC, and MAO-MSO
RECOVERY, LLC,

      Plaintiffs,

v.

PENDLEY, BAUDIN & COFFIN, L.L.P.,
COFFIN LAW FIRM, LLC,
CHRISTOPHER L. COFFIN, individually,
BOIES SCHILLER FLEXNER LLP, and
SASHI C. BACH, individually,

      Defendants.

_____/

## **COMPLAINT**

Plaintiffs, La Ley Con John H. Ruiz, P.A., d/b/a MSP Recovery Law Firm (the "MSP

Law Firm"), MSP Recovery, Inc., MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA

Claims 1, LLC, MAO-MSO Recovery II LLC, Series PMPI, a designated series of MAO-MSO

Recovery II, LLC, MSP Recovery Claims, Series LLC, and  MAO-MSO Recovery, LLC, by and

through undersigned counsel, bring this Complaint against Defendants Pendley, Baudin &

Coffin, L.L.P. ("PBC"), Coffin Law Firm, LLC ("Coffin Law"), Christopher L. Coffin

(collectively, the "Coffin Defendants"), Boies Schiller Flexner LLP, and Sashi C. Bach  and

allege as follows:

## NATURE OF CLAIM

This is, first and foremost, an action for injunctive relief. The Coffin Defendants must be stopped from continuing to recklessly disseminate Plaintiffs' confidential information in violation of binding legal obligations. Plaintiffs also seek relief for breach of contract, declaratory judgment, and tortious interference with an advantageous business relationship. This action arises from a terminated attorney-client relationship in which Plaintiffs were compelled to discharge Defendant Coffin and his affiliated law firms for cause, due to persistent and materially substandard legal representation. Despite being repeatedly notified of serious errors, Coffin and his firms failed to correct them and further compounded the harm through continued lack of diligence and execution.

Now, more than three years after their termination, the Coffin Defendants—through newly retained counsel at Boies Schiller Flexner LLP—are attempting to claim a share of litigation recoveries to which they have no valid entitlement. In doing so, they have misapprehended the nature of the parties' prior relationship and have recklessly disregarded Plaintiffs' confidential information, escalating their efforts from sending demand letters to actively interfering with Plaintiffs' business relationships.

This campaign includes: (i) threatening Plaintiffs' co-counsel and litigation partners with meritless conversion claims over fees to which the Coffin Defendants have no right; (ii) baselessly contacting Plaintiffs' financial partner, recently identified in a company press release and with whom Coffin has never had any privity; and (iii) disclosing confidential information—protected under a binding Non-Disclosure Agreement—in an attempt to pressure Plaintiffs into a baseless fee settlement. At bottom, Coffin has enlisted Ms. Bach and her firm to pursue fees that are not owed, in a transparent attempt to address his own financial exposure: specifically, his

personal guaranty of financing obligations related to the cases at issue—obligations he is now in default on, according to his lender.

## JURISDICTION AND VENUE

1.     This is an action for injunctive relief, declaratory relief, breach of contract, and tortious interference within the jurisdiction of this Court.

2.     This Court has personal jurisdiction over the Defendants pursuant to Sections 48.193(1)(a)(1), (2), (7), (9) and 48.193(2) Florida Statutes. Defendants maintain sufficient minimum contacts in the state of Florida, voluntarily sought and obtained the authority to conduct business in the state of Florida, and maintain, and carry on systematic and continuous contacts within the state of Florida, regularly transact business within the state of Florida, and regularly avail themselves of the benefits of doing business in the state of Florida.

3.     Venue is proper in Miami-Dade County, Florida, as this action arises from agreements executed and disputes arising within this jurisdiction, and the Plaintiffs maintain principal offices in Miami-Dade County.

## PARTIES

4.     Plaintiff La Ley Con John H. Ruiz, P.A., d/b/a/ MSP Recovery Law Firm is a Florida entity with its principal place of business in Miami, Florida.

5.     Plaintiff MSP Recovery, Inc., is a Delaware corporation with its principal place of business in Miami, Florida.

6.     Plaintiff MSP Recovery, LLC, is a Florida entity with its principal place of business located at 3150 SW 38th Avenue, Suite 1100, Miami, Florida 33146.

7.     Plaintiff MSP Recovery Services, LLC, is a Florida entity with its principal place of business located at 3150 SW 38th Avenue, Suite 1100, Miami, Florida 33146.

3

8.      Plaintiff MSPA Claims 1, LLC, is a Florida entity with its principal place of business located at 3150 SW 38th Avenue, Suite 1100, Miami, Florida 33146.

9.      Plaintiff MAO-MSO Recovery II, LLC, is a Delaware entity, with its principal place of business located at 45 Legion Drive, Cresskill, New Jersey 07626.

10.      Plaintiff Series PMPI, a designated series of MAO-MSO Recovery II, LLC, is a Delaware entity, with its principal place of business located at 45 Legion Drive, Cresskill, New Jersey 07626.

11.      Plaintiff MSP Recovery Claims, Series LLC is a Delaware entity with its principal place of business located at 3150 SW 38th Avenue, Suite 1100, Miami, Florida 33146.

12.      Plaintiff MAO-MSO Recovery, LLC, is a Delaware entity with its principal place of business located at 3150 SW 38th Avenue, Suite 1100, Miami, Florida 33146.

13.      Plaintiffs MSP Recovery, Inc., MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series LLC, and MAO-MSO Recovery, LLC, shall be collectively referred to as the "Client Plaintiffs."

14.      Defendant PBC is a Louisiana-based law firm with its principal place of business located at 24110 Eden Street, Plaquemine, Louisiana 70746. On information and belief, PBC is no longer a registered limited liability partnership and has converted to a limited liability company registered in Louisiana.

15.      Defendant Coffin Law is a Louisiana limited liability company with its principal place of business located at 24110 Eden Street, Plaquemine, Louisiana 70746. Coffin Law is member of PBC. On information and belief, Christopher L. Coffin is the sole member of Coffin Law.

16.     Defendant Christopher L. Coffin ("Coffin") is a licensed attorney in the state of Louisiana and the principal PBC attorney that made appearances on behalf of the Client Plaintiffs.

17.     Defendant Boies Schiller Flexner LLP ("Boies") is a law firm registered to do business in Florida and is counsel for the Coffin Defendants.

18.     Defendant Sashi C. Bach is a licensed attorney in the state of Florida and counsel for the Coffin Defendants. Bach is a partner at Defendant Boies with her office located at 401 East Las Olas Blvd., Suite 1200, Fort Lauderdale, Florida 33301. Bach is also a citizen of the state of Florida and all actions on her part happened in the state of Florida. Boies and Bach will collectively be referred to as the "Boies Defendants."

## FACTUAL BACKGROUND

19.     From the fall of 2017 through 2021, the Coffin Defendants represented the Client Plaintiffs in numerous litigations matters across multiple federal proceedings in a number of different states.

20.     The Coffin Defendants' representations arose out of various confidential agreements, including a retainer agreement with the Client Plaintiffs, joint law firm agreements with MSP Law Firm, and a joint venture agreement between the MSP Law Firm and Coffin Law, with the goal of litigating pharmaceutical and Medicare Secondary Payer Act (the "MSP Act") claims held by the Client Plaintiffs. The applicable agreements all discussed a contingency fee arrangement apportioning what percentage of the attorneys' fees each firm would receive. As is standard with all contingency fee agreements, the fee becomes due only upon obtaining a judgment or settlement.  The Coffin Defendants were paid for all cases where any contingency had been met prior to being discharged despite the Coffin Defendants doing nothing to secure

5

these payments. Those contingencies were achieved by MSP Recovery Law Firm, not the Coffin Defendants.

21.     In addition to the above agreements, Christopher L. Coffin, on behalf of  PBC, entered into a Non-Disclosure Agreement on May 15, 2018, in which, PBC agreed to "[N]ot disclose . . . Confidential Information to any person or entity outside of the direct employ of MSP Recovery Law Firm." A copy of the May 15, 2018 Non-Disclosure Agreement (the "NDA") is attached as Exhibit A.

22.     In the NDA, PBC, the "Recipient," includes "any and all wholly-owned subsidiaries, corporate affiliates, assigns, business associates, and/or any other related entity already in existence or yet to be formed and/or to be used directly or indirectly by the immediately foregoing entity party." Accordingly, Coffin and Coffin Law are also subject to the NDA.

23.     The NDA expressly states what MSP Law Firm and PBC have agreed to as Confidential Information:

> "Confidential Information" means all non-public confidential and/or proprietary documents, materials, data and other information, in tangible and intangible form, of and related to the Existing MSP Businesses . . . .
>                                                   . . .
>
> Confidential Information includes, but is not limited to, all information not generally known to the public, in spoken, printed, electronic, or any other form or medium, relating directly or indirectly to: business processes, practices, methods, policies, plans, publications, documents, research, operations, services, strategies, techniques, agreements, contracts, terms of agreements, transactions, potential transactions, negotiations, pending negotiations, know-how, trade secrets, computer programs, computer software, applications, operating systems, software design, web design, work-in-process, databases, manuals, records, articles, systems, material, sources of material, supplier information, vendor information, financial information, results, accounting information, accounting records, legal information, marketing information, advertising information, pricing information, credit information, design information, payroll information, staffing information, personnel information, employee lists, supplier lists, vendor lists, developments,

reports, internal controls, security procedures, graphics, drawings, sketches, market studies, sales information, revenue costs, formulate, notes, communications, algorithms, product plans, designs, styles, models, ideas, audiovisual programs, inventions, unpublished patent applications, original works of authorship, discoveries, experimental processes, experimental results, specifications, customer information, customer lists, client information, and client lists, of the MSP Group or its businesses or any existing or prospective customer, supplier, investor or other associated third party, or of any other person or entity that has entrusted information to the MSP Group in confidence; and (i) any marketing strategies, plans, financial information, or projections, operations, sales estimates, business plans and performance results relating to the past, present or future business activities of such party, its affiliates, subsidiaries and affiliated companies; (ii) plans for products or services, and customer or supplier lists; (iii) any scientific or technical information, invention, design, process, procedure, formula improvement, technology or method; (iv) any concepts, reports, data, know-how, works-in-progress, designs, development tools, specifications, computer software, source code, object code, flow charts, databases, inventions, information and trade secrets; (v) any other information that should reasonably be recognized as confidential information of the MSP Group; (vi) any and all personal or corporate financial information of the officers, employees, shareholders, clients, and customers of the MSP Group; (vii) any and all health related information, including but not limited to health records, medical bills, treatment notes, of members, clients, employees or any related persons regarding treatment for which services were paid by any entities represented by or associated with the MSP Group; and (vii) any information deemed confidential by the MSP Group. Confidential Information need not be novel, unique, patentable, copyrightable or constitute a trade secret in order to be designated Confidential Information.

Exhibit A at Section 1.

24.     Furthermore, Section 11 of the NDA discusses the remedies in case of a breach of the NDA:

Recipient acknowledges that the MSP Group's Confidential Information and the MSP Group's ability to reserve it for the exclusive knowledge and use of the MSP Groups is of great competitive importance and commercial value to the MSP Group, and that improper use or disclosure of the Confidential Information by Recipient will cause ***irreparable harm*** to the MSP Group for which remedies at law will not be adequate. Recipient hereby consents and agree that [MSP Recovery Law Firm] shall be entitled to seek, in addition to other available remedies, a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages or that monetary damages would not afford an adequate remedy, and without the necessity of posting any

bond or other security. The aforementioned equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages or other available forms of relief.

Exhibit A at Section 11 (emphasis added).

25.     Despite having made promises on how (1) the Coffin Defendants could deliver settlements in complex pharmaceutical mass tort litigations due to their connections and (2) having a dedicated team of attorneys to handle these matters, the Coffin Defendants' representation was severely inadequate.

26.     This included, *inter alia,* breaches of their duty of candor to courts, resulting in case dismissals with prejudice. For example, in *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, No. 1:17-cv-01541-JBM-JEH, the Coffin Defendants were lead counsel, and the district court found, sua sponte, that Rule 11[1] sanctions were warranted.[2]  Indeed, almost two years later, the Coffin Defendants found themselves again before the Seventh Circuit being cautioned for "abusive litigation," while affirming summary judgment in favor of State Farm:

> In affirming, we sound a word of caution. This lawsuit mirrors scores like it filed in federal courts throughout the country that have all the earmarks of abusive litigation and indeed have drawn intense criticism from many a federal judge. The plaintiffs should think hard before risking a third strike within our Circuit.

*MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 871 (7th Cir. 2021).[3]

27.     The *State Farm* decision would prove to be an albatross for the Client Plaintiffs; relied on by every adversary in dispositive motion after dispositive motion for the purpose of

---

[1] Federal Rule of Civil Procedure 11 requires that attorneys and unrepresented parties ensure that filings are grounded in fact, warranted by law, and not submitted for improper purposes, with penalties for violations to maintain the integrity of legal proceedings

[2] Although financial sanctions were reversed on appeal, the Seventh Circuit Court of Appeal affirmed the dismissal with prejudice. "Plaintiffs and their counsel have been punished for their missteps: the case was dismissed without leave to amend, and we affirm that dismissal today." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 586 (7th Cir. 2019) ("*State Farm*").

[3] The two Seventh Circuit State Farm cases were sister cases. They will collectively be referred to here as "*State Farm.*"

undermining any claim brought by the Client Plaintiffs, no matter how unrelated to *State Farm*. The recoveries and settlements promised by the Coffin Defendants were not coming to fruition.

28.     On January 22, 2022, Plaintiffs formalized—what had already been previously determined by the parties' course of conduct—the termination of the Coffin Defendants for cause as counsel for the Client Plaintiffs on all pending cases as a result of the Coffin Defendants repeated failures to adequately represent the Client Plaintiffs' interest in multiple litigation proceedings.

29.     Since the Coffin Defendants were terminated as counsel on all pending cases they participated in, they have not contributed a minute of time or effort to the Client Plaintiffs' cases. Moreover, they have failed to assist with anything constructive or provide assistance to any subsequent replacement counsel regarding the work they had performed prior to being discharged for cause.

30.     Furthermore, because the Coffin Defendants failed to successfully litigate the actions they oversaw, Plaintiffs, after terminating the Coffin Defendants for cause, were required to engage new co-counsel, including Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg"), to prosecute the Client Plaintiffs' actions.

31.     After the Coffin Defendants' termination for cause, the Client Plaintiffs began making headway with their actions including reaching settlements with dozens of insurance companies in 2024, as well as pharmaceutical defendants. Despite playing no role in those settlements and recoveries, the Coffin Defendants now demand a share of the attorneys' fees.

32.     The Coffin Defendants' efforts to collect attorneys' fees they did not earn has now begun to interfere with the MSP Law Firm and the Client Plaintiffs' existing business and business relationships. On November 29, 2024, and again on December 4, 2024, counsel for the

Coffin Defendants, Bach, wrote to Milberg that it was not to disburse any settlement funds achieved in certain pharmaceutical cases because the Coffin Defendants asserted they had a right to those funds under certain fee-sharing agreements; specifically threatening Milberg with a claim for conversion should money be disbursed without the Coffin Defendants' express consent. Five months later, those settlement funds have not been disbursed because of the Coffin Defendants' baseless threats.

33.     On December 5, 2024, MSP Law Firm wrote to the Coffin Defendants notifying them that any further attempts at interference will be met with an appropriate legal response.

34.     For a period of time, it appeared the Coffin Defendants would govern themselves accordingly as the parties engaged in settlement discussions. However, the détente ended on April 30, 2025, when the Coffin Defendants renewed their interference campaign in order to coerce a baseless fee.

35.     Brought on by an April 10, 2025 press release issued by MSP Recovery, Inc, in which it was disclosed that the company had entered into a term sheet with certain creditors to reduce debt,[4] the Coffin Defendants, through their attorneys, the Boise Defendants, wrote to the Client Plaintiffs' third-party financial creditor, Hazel Partners Holding, LLC ("Hazel"), notifying it of the Coffin Defendants' purported claim that the Client Plaintiffs owe them certain attorneys' fees.

36.     Specifically, in its April 30, 2025 correspondence to Hazel, the Boies Defendants and the Coffin Defendants impermissibly discussed and attached a non-public joint venture

---

[4] MSP Recovery Announces Strategic Term Sheet Providing Prospective Liquidity and Restructuring of Existing Agreements to Remove Corporate Guaranteed Debt by over $1.2 Billion as Well as New Agreements Aimed at Driving Future Growth | MSP Recovery (https://investor.lifewallet.com/news-releases/news-release-details/msp-recovery-announces-strategic-term-sheet-providing)

agreement between MSP Law Firm, Coffin Law, and John H. Ruiz,[5] the contents and terms of which fall within the definition of Confidential Information under the NDA. In explicitly sending the Confidential Information to Hazel, the Defendants disclosed it to an entity outside of the direct employ of MSP Recovery Law Firm in violation of the terms of the NDA. Exhibit A at Section 3(c).

37.    The Coffin Defendants and Boies Defendants had no legitimate reason to communicate directly, or indirectly, with Hazel. The reported term sheet has nothing to do with the attorneys' fees that the Coffin Defendants claim they are owed. Moreover, there was no basis for sending Confidential Information related to the Client Plaintiffs or MSP Recovery Law Firm's business processes to Hazel other than to interfere with the Client Plaintiffs' business relationships. By falsely asserting it has a lien on fees for claims which are unrecognized, the Coffin Defendants, through the Boies Defendants, interfered with the Client Plaintiffs and MSP Recovery Law Firm's business relationships. The debt restructuring reported in the press release had nothing to do with attorneys' fees and Defendants actions were purposeful with a clear intent to attempt to interfere with the Plaintiffs' business relationships in the hopes of strong arming an offer to settle the dispute.

38.    The next day, May 1, 2025, the Coffin Defendants again contacted the Client Plaintiffs' creditor to notify it of its purported claims that the Client Plaintiffs owe the Coffin Defendants certain claim recoveries. Again, the Boies Defendants, on behalf of the Coffin Defendants, impermissibly discussed and attached Confidential Information under the NDA, and

---

[5] Given the confidential nature of the agreement, and the terms of the agreement discussed in the April 30, 2025 letter to Hazel, Plaintiff will seek leave of Court to file the April 30, 2025 correspondence, along with the attached January 25, 2018 Joint Venture Agreement under seal pursuant to Florida Rule of Judicial Administration 2.420, and will submit the documents promptly upon entry of an order permitting sealed filing.

disclosed it to an entity outside of the direct employ of MSP Recovery Law Firm in violation of the terms of the NDA. Exhibit A at Section 3(c).

39.    Specifically, the May 1, 2025 correspondence discussed the terms of the confidential joint venture agreement and once again attached the confidential joint venture agreement, and as well as an amendment to the agreement. The amendment, like the joint venture agreement, falls within the definition of Confidential Information under the NDA as it relates to non-public, confidential, and Plaintiffs' proprietary business processes.[6]

40.    The reckless decision to improperly contact the Hazel and attach Confidential Information protected by the NDA was compounded further by the fact that the Coffin Defendants and Boies Defendants, not knowing the email contact information for Hazel, mistakenly sent both the April 30 and May 1, 2025 communications to a total stranger, thereby disclosing Confidential Information to a second person outside the direct employ of MSP Recovery Law Firm in violation of the terms of the NDA. Exhibit A at Section 3(c). Plaintiffs only learned about the second disclosure when the mistaken recipient notified Defendants of their mistake. A copy of the May 1, 2025 response from the mistaken recipient is attached as Exhibit B.

41.    Not only were the Coffin Defendants (1) tortiously interfering with Plaintiffs' business relationships with the goal of coercing some sort of settlement, and (2) recklessly disclosing Confidential Information to a person or entity outside of the direct employ of Plaintiffs, but they are now sloppily disclosing Confidential Information to persons who are not even remotely related to Plaintiffs.

---

[6] Given the confidential nature of the amendment, and the terms of the agreement discussed in the May 1, 2025 letter to Hazel, Plaintiff will seek leave of Court to file the May 1, 2025 correspondence and the December 17, 2018 Amendment to Joint Venture Agreement under seal pursuant to Florida Rule of Judicial Administration 2.420, and will submit the agreement promptly upon entry of an order permitting sealed filing.

42.     Maddeningly, the Defendants reckless treatment of the Confidential Information is all based on the meritless position that the Coffin Defendants are entitled to attorneys' fees after being terminated three years before for cause.

43.     Under Florida law as well as the ABA Rules and in every jurisdiction in the US, an attorney with a written contingency fee who is discharged for cause is not entitled to the contingency fee.

44.     All conditions precedent have been performed or have occurred.

## COUNT I: INJUNCTIVE RELIEF AGAINST COFFIN DEFENDANTS AND BOIES DEFENDANTS

45.     Plaintiffs incorporate paragraphs 1 through 44 as if fully set forth herein.

46.     This is an action for injunctive relief.

47.     MSP Recovery Law Firm has been harmed by the conduct of the Coffin Defendants.

48.     The Coffin Defendants, through the Boies Defendants, breached the May 15, 2018 NDA when it disclosed Confidential Information to a person or entity outside of the direct employ of MSP Recovery Law Firm.

49.     When the Boies Defendants transmitted the Confidential Information to Hazel on April 30, 2025, and May 1, 2025, the Coffin Defendants and Boies Defendants were aware of the existence of the NDA, and the requirement to not disclose Confidential Information to any person or entity outside of the direct employ of MSP Recovery Law Firm.

50.     Under the May 15, 2018 NDA, Defendant PBC, and any and all wholly-owned subsidiaries, corporate affiliates, assigns, business associates, and/or any other related entity already in existence or yet to be formed and/or to be used directly or indirectly by PBC, which includes Coffin Law and Coffin, agreed that the improper use or disclosure of the Confidential

13

Information will cause irreparable harm to MSP Law Firm, to which remedies at law will not be adequate.

51.     Furthermore, Under the May 15, 2018 NDA, Defendant PBC agreed that in the "event of a breach . . . of any of the provisions of [the NDA]," it "consents and agree[s} that [MSP Recovery Law Firm] shall be entitled to seek, a temporary or permanent injunction"  . . . without the necessity of showing any actual damages or that monetary damages would not afford an adequate remedy, and without the necessity of posting any bond or other security."

52.     Moreover, the reckless treatment of the Confidential Information by the Defendants led to the April 30 and May 1, 2025 disclosure of Confidential Information to a complete random stranger, thereby leading to two separate non-MSP Law Firm employed individuals receiving Confidential Information.

53.     The Coffin Defendants and the Boies Defendants – as well as any other agent or attorney working on behalf of the Coffin Defendants – should be enjoined from disclosing further Confidential Information to any person or entity outside of the direct employ of MSP Recovery Law Firm.

54.      As such, MSP Recovery Law Firm seeks equitable relief on a temporary and permanent basis.

55.     Granting a temporary injunction to Plaintiffs is in the public interest because enforcing lawful non-disclosure agreements serves the public interest as there are contractual rights at issue and the public has a cognizable interest in the protection and enforcement of contractual rights.

WHEREFORE, Plaintiffs demands this Court issue judgment against the Coffin Defendants and Boies Defendants for a temporary injunction until Plaintiffs' right to a permanent

injunction is determined, for a permanent injunction on final trial of the above-entitled cause enjoining Defendants and Defendants' agents, servants, employees, and attorneys, and any person in active concert or participation with Defendants from disclosing Confidential Information, as defined in the NDA, to any non-public entity or person not employed by MSP Law Firm, for costs, attorneys' fees, and such other and further relief as the Court deems just and proper under the circumstances.

### COUNT II: DECLARATORY RELIEF AGAINST COFFIN DEFENDANTS

56.     Plaintiffs incorporate paragraphs 1 through 44 as if fully set forth herein.

57.     This is a cause of action for declaratory judgment pursuant to Fla. Stat. § 86.021 to resolve a bona fide dispute and clarify the parties' respective rights and obligations under certain contingency fee and fee sharing agreements where the Coffin Defendants were previously discharged with cause from their duties as counsel for the Client Plaintiffs.

58.     The declaration deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts, specifically, the Coffin Defendants have made— pursuant to certain contingency fee and fee sharing agreements—written demands for attorneys' fees related to settlements and recoveries the Plaintiffs have achieved despite having been previously discharged by the Client Plaintiffs over three years ago.

59.     The amount of attorneys' fees the Client Plaintiffs are obligated to pay the previously discharged Coffin Defendants are contingent on the unenforceability of certain contingency fee and fee sharing agreements that the Coffin Defendants entered into with the Plaintiffs.

60.     The Plaintiffs and Coffin Defendants have an actual, present, adverse, and antagonistic interest in the subject matter of this suit in that the Coffin Defendants contend they

are entitled to attorneys' fees pursuant to the terms in the contingency and share feeing agreements despite the fact that the Plaintiffs previously discharged the Coffin Defendants with cause, thereby making those agreements unenforceable with respect to the percentage of fees entitled to the Coffin Defendants.

61.     The antagonistic and adverse interest of the parties are before the Court.

62.     Determination of the issues of this case would not be the mere giving of legal advice because the Plaintiffs seek a declaration from this Court as to their obligations to pay attorneys' fees under an attorney-client contingency fee agreement and joint counsel and joint venture agreements where the attorneys were previously discharged.

WHEREFORE, Plaintiffs respectfully requests this Court declare:

1.     the Coffin Defendants were terminated for cause as of January 20, 2022;

2.     the Coffin Defendants have not actively contributed to any cases in the Client Plaintiffs' behalf since termination;

3.     the Coffin Defendants are not entitled to attorneys' fees or settlement funds associated with the Client Plaintiffs' cases; and

4.     any attorneys' fees sought by the Coffin Defendants in relation to cases it participated on before their termination are based on a modified quantum meruit fee that is reduced by the damages suffered by the Client Plaintiffs as a result of the Coffin Defendants' conduct that led to the discharge;

5.     award attorneys' fees and costs to Plaintiffs' counsel; and

6.     provide such other relief as may be proper.

**COUNT III: TORTIOUS INTERFERENCE**
**WITH AN ADVANTAGEOUS BUSINESS RELATIONSHIP AGAINST COFFIN**
**DEFENDANTS**

63.     Plaintiffs incorporate paragraphs 1 through 44 as if fully set forth herein.

64.     This is a cause of action for Tortious Interference with an Advantageous Business

Relationship.

65.     Plaintiffs have an existing business relationship with co-counsel, clients,

investors, and other stakeholders related to the litigation and settlement of claims.

66.     The Coffin Defendants have knowledge of Plaintiffs' relationships.

67.     The Coffin Defendants have intentionally and unjustifiably interfered with

Plaintiffs' relationships by obstructing the disbursement of settlement funds and asserting

baseless claims of entitle of attorneys' fees pursuant to contingency fee and fee sharing

agreements.

68.     As a direct and proximate result of the Coffin Defendants' tortious interference,

Plaintiffs have suffered damages, including economic loss, reputational harm, and attorneys' fees

incurred to address these issues.

WHEREFORE, Plaintiffs demands this Court issue judgment against Defendants for

damages, pre-judgment and post-judgment interest, costs, and such other and further relief as the

Court deems just and proper under the circumstances.

**COUNT IV: BREACH OF CONTRACT AGAINST COFFIN DEFENDANTS**

69.     Plaintiffs incorporate paragraphs 1 through 44 as if fully set forth herein.

70.     This is a cause of action for breach of contract.

71.     Defendant PBC entered into the May 15, 2018 NDA with MSP Recovery Law

Firm. Under the NDA, Defendant PBC is defined as "all wholly-owned subsidiaries, corporate

17

affiliates, assigns, business associates, and/or any other related entity already in existence or yet to be formed and/or to be used directly or indirectly by PBC," which includes Coffin Law and Coffin.

72.     Under the NDA, the Coffin Defendants agreed to not disclose Confidential Information to a person or entity outside of the direct employ of MSP Recovery Law Firm.

73.     On April 30, 2025, and May 1, 2025, the Coffin Defendants disclosed Confidential Information in violation of the NDA.

74.     As a result of the breach, MSP Recovery Law Firm has suffered damages, including economic loss, and reputational harm. Moreover, under the NDA, MSP Recovery Law Firm is entitled to recovery its costs and fees, including reasonable attorneys' fees, incurred in obtaining such relief.

WHEREFORE, Plaintiffs demands this Court issue judgment against the Coffin Defendants for damages, pre-judgment and post-judgment interest, costs, attorneys' fees, and such other and further relief as the Court deems just and proper under the circumstances.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

1.     Declare that the Attorney Defendants' termination was for cause and that the Attorney Defendants have no entitlement to attorneys' fees or settlement funds pursuant to a contingency fee agreement or fee-sharing agreement;

2.     Declare that any claim for fees by Attorney Defendants is based on a modified quantum meruit fee that is reduced by the damages suffered by the Client Plaintiffs as a result of the Attorney Defendants' conduct that led to the discharge;

3.      Award Plaintiffs damages resulting from the Attorney Defendants' tortious interference;

4.      Award MSP Recovery Law Firm damages resulting from Coffin Defendants' breach of the NDA;

5.      A preliminary and permanent injunction restraining and enjoining Defendants and Defendants' agents, servants, employees, and attorneys, and any person in active concert or participation with Defendants from directly or indirectly disclosing, using, disseminating, or otherwise misappropriating any confidential, proprietary, or trade secret information protected by the NDA;

6.      That the Court retain jurisdiction to enforce the terms of the injunction and the NDA;

7.      Award Plaintiffs their costs and attorneys' fees pursuant to applicable law and under the NDA; and

8.      Grant such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demands a trial by jury on all the triable issues within this pleading.


Dated: May 8, 2025.                    Respectfully submitted,


                                       **MSP RECOVERY LAW FIRM**
                                       3150 Southwest 38th Avenue, 11th Floor
                                       Miami, FL 33146
                                       Telephone: (305) 614-2222

                                       */s/ John H. Ruiz*
                                       John H. Ruiz, Fla. Bar No. 928150
                                       jruiz@msprecoverylawfirm.com
                                       Secondary: serve@msprecoverylawfirm.com

                                       ***Counsel for Plaintiffs***

# EXHIBIT A



**NON-DISCLOSURE AGREEMENT**

This Non-Disclosure Agreement (this "Agreement") is made and entered into as of _May 15_
_____, 2018 ("Effective Date").

**La Ley Con John H, Ruiz, P.A.,** a Florida professional association d/b/a **MSP Recovery Law Firm** with
an office at 5000 S.W. 75th Avenue, Suite 300 in Miami, Florida 33155, as well as any and all wholly-owned
subsidiaries, corporate affiliates, assigns and/or any other related entity already in existence or yet to be
formed and/or to be used directly or indirectly by any of the immediately foregoing entities party hereto
(collectively referred to herein as the "Company" or "MSP Group"),

And

Recipient:

Name: **Pendley, Baudin and Coffin, L.L.P.**, Louisiana limited liability partnership

as well as any and all wholly-owned subsidiaries, corporate affiliates, assigns, business associate, and/or
any other related entity already in existence or yet to be formed and/or to be used directly or indirectly by
the immediately foregoing entity party hereto ("Recipient").

Both the Company and the Recipient are collectively referred to herein as the "Parties."

**Preamble**

Company and Recipient wish to explore a possible business relationship, and in connection with this
possible business relationship, Company may disclose to Recipient certain confidential technical and
business information which Recipient will use only and exclusively for the purpose of pursuing and
prosecuting claims on behalf of the Company (the "Purpose").

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained in this
Agreement, and intending to be legally bound hereby, each of the parties agrees as follows:

1.      Definition. Except as set forth in Section 2 below, "Confidential Information" means all non-public,
confidential and/or proprietary documents, materials, data and other information, in tangible and intangible
form, of and relating to the Existing MSP Businesses [and existing and prospective customers, suppliers,
investors and other associated third parties] disclosed by Company to any of Recipient's employees,
officers, directors, managers, partners, agents, attorneys, accountants or advisors (collectively,
"Representatives") that is disclosed on or after the Effective Date that Company either (a) Clearly labels as
"confidential" prior to furnishing it to Recipient or its Representatives; or (b) Designates as "confidential"
in a written notice to Recipient within seven (7) days of its disclosure hereunder.

For purposes of this Agreement, Confidential Information includes, but is not limited to, all information
not generally known to the public, in spoken, printed, electronic or any other form or medium, relating
directly or indirectly to: business processes, practices, methods, policies, plans, publications, documents,
research, operations, services, strategies, techniques, agreements, contracts, terms of agreements,
transactions, potential transactions, negotiations, pending negotiations, know-how, trade secrets, computer

Recipient's Initials: _C2c_

programs, computer software, applications, operating systems, software design, web design, work-in-process, databases, manuals, records, articles, systems, material, sources of material, supplier information, vendor information, financial information, results, accounting information, accounting records, legal information, marketing information, advertising information, pricing information, credit information, design information, payroll information, staffing information, personnel information, employee lists, supplier lists, vendor lists, developments, reports, internal controls, security procedures, graphics, drawings, sketches, market studies, sales information, revenue, costs, formulae, notes, communications, algorithms, product plans, designs, styles, models, ideas, audiovisual programs, inventions, unpublished patent applications, original works of authorship, discoveries, experimental processes, experimental results, specifications, customer information, customer lists, client information, and client lists, of the MSP Group or its businesses or any existing or prospective customer, supplier, investor or other associated third party, or of any other person or entity that has entrusted information to the MSP Group in confidence; and (i) any marketing strategies, plans, financial information, or projections, operations, sales estimates, business plans and performance results relating to the past, present or future business activities of such party, its affiliates, subsidiaries and affiliated companies; (ii) plans for products or services, and customer or supplier lists; (iii) any scientific or technical information, invention, design, process, procedure, formula, improvement, technology or method; (iv) any concepts, reports, data, know-how, works-in-progress, designs, development tools, specifications, computer software, source code, object code, flow charts, databases, inventions, information and trade secrets; (v) any other information that should reasonably be recognized as confidential information of the MSP Group; (vi) any and all personal or corporate financial information of the officers, employees, shareholders, clients, and customers of the MSP Group; (vii) any and all health related information, including but not limited to health records, medical bills, treatment notes, of members, clients, employees or any related persons regarding treatment for which services were paid by any entities represented by or associated with the MSP Group; and (vii) any information deemed confidential by the MSP Group.   Confidential Information need not be novel, unique, patentable, copyrightable or constitute a trade secret in order to be designated Confidential Information.

The Recipient understands that the above list is not exhaustive, and that Confidential Information also includes other information that is marked or otherwise identified as confidential or proprietary, or that would otherwise appear to a reasonable person to be confidential or proprietary in the context and circumstances in which the information is known or used.

2. _Exclusions from Confidential Information; Trade Secrets and Personal Information._

(a)     Except as required by applicable federal, state or local law or regulation, the term "Confidential Information" as used in this Agreement shall not include information that:

(i) At the time of disclosure is, or thereafter becomes, generally available to and known by the public other than as a result of any material breach of this Agreement by Recipient or any of its Representatives;

(ii) At the time of disclosure is, or thereafter becomes, available to Recipient or its Representatives on a non-confidential basis from a third-party source, provided that, to Recipient's knowledge, such third party is not and was not prohibited from disclosing such Confidential Information to Recipient by any contractual obligation;

(iii) Was known by or in the possession of Recipient or its Representatives prior to being disclosed by or on behalf of Company pursuant to this Agreement; or

(iv) Was or is independently developed by Recipient or its Representatives without

reference to or use of any of Company's Confidential Information.

(b)     Company shall not disclose any trade secrets or individual's Personal Information to Recipient and shall redact all trade secrets or Personal Information from any Confidential Information that will be disclosed to Recipient. For purposes of this Agreement, "Personal Information" means information that: (i) relates to an individual person; and (ii) identifies or can be used to identify, locate or contact that individual alone or when combined with other personal or identifying information that is or can be associated with that specific individual.

(c)     If required or requested, Recipient may disclose the Confidential Information to a governmental, regulatory or judicial authority pursuant to subpoena, court order, or other judicial or administrative process or by order of a court of competent jurisdiction. Recipient shall provide prior written notice of such compulsory disclosure to the Company, to the extent permitted by law, so that the Company may have a reasonable opportunity to take action to protect its confidentiality interests.  Recipient will use its commercially reasonable efforts to take those reasonable precautions requested by the Company to protect the confidentiality of the Confidential Information.   In the event Recipient is compelled to disclose any Confidential Information, Recipient shall use its commercially reasonable efforts to disclose only the portion of Confidential Information that is legally required or requested to be disclosed.

3.     <u>Non-use and Non-disclosure</u>. Recipient shall:

(a)     Protect and safeguard the confidentiality of all such Confidential Information with at least the same degree of care as Recipient would protect its own Confidential Information, but in no event with less than a commercially reasonable degree of care;

(b)     Not use Company's Confidential Information, or permit it to be accessed or used, for any purpose other than the Purpose or any related transactions between the parties or their affiliates;

(c)     Not disclose, either directly or indirectly, any such Confidential Information to any person or entity outside of the direct employ of the MSP Group except as required in the performance of the Recipient's duties to the MSP Group, and/or except to Recipient's Representatives who:

(i)   Need to know the Confidential Information to assist Recipient, or act on its behalf, in relation to the Purpose or to exercise its rights under the Agreement;

(ii)   Are informed by Recipient of the confidential nature of the Confidential Information; and

(iii)   Are subject to confidentiality duties or obligations to Recipient that are no less restrictive than the terms and conditions of this Agreement; and

(d)     Not access, use, or copy any Confidential Information other than in connection with the Purpose and activities related thereto.

(e)     Be responsible for any material breach of this Agreement caused by any of its Representatives.

4.     <u>No Obligation</u>. Nothing herein shall obligate Company or Recipient to proceed with any transaction between them, and each party reserves the right, in its sole discretion, to terminate the discussions contemplated by this Agreement concerning the business relations.



5.    <u>No Warranty</u>. ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS". COMPANY MAKES NO WARRANTIES, EXPRESS, IMPLIED OR OTHERWISE, REGARDING ITS ACCURACY, COMPLETENESS OR PERFORMANCE.

6.    <u>Proprietary Rights</u>.

(a)    Confidential Information. Recipient acknowledges and agrees that Confidential Information developed by [him/her] in the course of [his/her] relationship with the MSP Group shall be subject to the terms and conditions of this Agreement as if the MSP Group furnished the same Confidential Information to the Recipient in the first instance.

(b)    Work Product. Recipient acknowledges and agrees that all writings, of authorship, technology, inventions, discoveries, ideas and other work product of any nature whatsoever created, prepared, produced, authored, edited, amended, conceived or otherwise reduced to practice by the Recipient individually or jointly with others during the period of [his/her] relationship with the MSP Group that relates to or arises from the MSP Group's claims analysis, claims recovery data and/or processes or otherwise incorporates or is derived from the Company's Confidential Information (regardless of when or where the Work Product is prepared or whose equipment or other resources is used in preparing the same) and all printed, physical and electronic copies, all improvements, rights and claims related to the foregoing, and other tangible embodiments thereof (collectively, "Work Product"), as well as any and all rights in and to copyrights, trade secrets, trademarks (and related goodwill), [mask works,] patents and other intellectual property rights therein arising in any jurisdiction throughout the world and all related rights of priority under international conventions with respect thereto, including all pending and future applications and registrations therefor, and continuations, divisions, continuations-in-part, reissues, extensions and renewals thereof (collectively, "Intellectual Property Rights"), shall be the sole and exclusive property of the MSP Group.

(c)    Further Assurances; Power of Attorney. During and after the termination of [his/her] relationship with the MSP Group, Recipient agrees to reasonably cooperate with the MSP Group [at the MSP Group's expense] to (i) apply for, obtain, perfect and transfer to the MSP Group the Work Product and Intellectual Property Rights in the Work Product in any jurisdiction in the world; and (ii) maintain, protect and enforce the same, including, without limitation, executing and delivering to the MSP Group any and all applications, oaths, declarations, affidavits, waivers, assignments and other documents and instruments as shall be requested by the MSP Group. Recipient hereby irrevocably grants the MSP Group power of attorney to transfer the Work Product to the MSP Group and further the transfer, issuance, prosecution and maintenance of all Intellectual Property Rights therein, to the full extent permitted by law, if Recipient does not promptly cooperate with the MSP Group's request (without limiting the rights the MSP Group shall have in such circumstances by operation of law). The power of attorney is coupled with an interest and shall not be effected by the Recipient's subsequent incapacity.

(d)    Moral Rights. To the extent any copyrights are assigned under this Agreement, Recipient hereby irrevocably waives, to the extent permitted by applicable law, any and all claims the Recipient may now or hereafter have in any jurisdiction to all rights of paternity, integrity, disclosure and withdrawal and any other rights that may be known as "moral rights" with respect to all Work Product and all Intellectual Property Rights therein.

7.    <u>Return of Materials</u>. All documents and other tangible objects containing or representing Confidential Information and all copies thereof which are in the possession of Recipient shall be and remain the property of Company and shall be promptly returned to Company upon Company's request. At any time during or after the term of this Agreement, at Company's written request, Recipient and its Representatives shall promptly return to Company all copies, whether in written, electronic or other form or media, of

Company's Confidential Information, or destroy all such copies. Notwithstanding the foregoing, Recipient may retain any copies of Confidential Information, regardless of whether such copies are in original form:

(a)     Included in any materials that document a decision not to proceed with a transaction with Company, or otherwise to cease discussions or negotiations with Company;

(b)     As may be required to comply with any applicable federal, state or local law, regulation or regulatory authority to which Recipient is subject; or

(c)     That are maintained as archive copies on Recipient's disaster recovery and/or information technology backup systems. Such copies will be destroyed upon the normal expiration of Recipient's backup files.

8.     <u>No License.</u> Nothing in this Agreement is intended to grant any rights to Recipient under any patent, mask work right or copyright of Company, nor shall this Agreement grant Recipient any rights in or to Confidential Information except as expressly set forth herein.

9.     <u>Term</u>. The term of this Agreement shall commence on the Effective Date and shall expire one (1) year from the Effective Date.

10.     <u>No Competition</u>. Recipient agrees that from the commencement of [his/her] relationship with the MSP Group until the termination of [his/her] relationship with the MSP Group and for a period of three (3) years thereafter, Recipient shall not engage in any activity that is in any way competitive with the business or demonstrably anticipated business of the MSP Group, and shall not assist any other person or organization in competing or in preparing to compete with any business or demonstrably anticipated business of the MSP Group. This Agreement shall extend to any state or country in which MSP Group does business and/or maintains an office.

The covenants set forth in this Section are reasonably necessary for the protection of the interests of MSP Group, are reasonable as to duration, scope, and territory, and are not unreasonably restrictive upon the rights of the Recipient. The remedy of MSP Group at law for breach of any of the covenants set forth in this Section will be inadequate. In addition to any other rights or remedies that MSP Group may have, MSP Group shall be entitled to injunctive relief without the necessity of proving actual damages. If any court determines that any of the covenants in this Section are unreasonable as to duration, scope, or territory, the covenants shall be enforceable as provided herein with respect to such duration, scope, and territory as the court determines to be reasonable.

11.     <u>Remedies</u>. Recipient acknowledges that the MSP Group's Confidential Information and the MSP Group's ability to reserve it for the exclusive knowledge and use of the MSP Group is of great competitive importance and commercial value to the MSP Group, and that improper use or disclosure of the Confidential Information by Recipient will cause irreparable harm to the MSP Group for which remedies at law will not be adequate.  In the event of a breach or threatened breach by Recipient of any of the provisions of this Agreement, Recipient hereby consents and agrees that the MSP Group shall be entitled to seek, in addition to other available remedies, a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages or that monetary damages would not afford an adequate remedy, and without the necessity of posting any bond or other security. The aforementioned equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages or other available forms of relief.  The Recipient further agrees that MSP Group shall be entitled to compensation for any financial gain of the Recipient resulting from the release, use of Confidential Information or participation in any activity prohibited by this Agreement.   The Recipient further acknowledges that each member of the MSP Group is an intended third-party beneficiary

of this Agreement. MSP Group shall be entitled to recover its costs and fees including reasonable attorneys' fees, incurred in obtaining such relief. Furthermore, in the event of litigation relating to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs.

12.  General. This Agreement: (a) may be amended only by a writing signed by each party; (b) may be executed in several counterparts, including by facsimile signature, each of which shall be deemed an original but all of which shall constitute one and the same instrument; (c) contains the entire agreement of the parties with respect to the transactions contemplated hereby and supersedes all prior written and oral agreements, and all contemporaneous oral agreements, relating to such transactions; (d) shall be governed by, and construed and enforced in accordance with, the laws of Florida, without regard to the conflicts of laws principles of that or any other jurisdiction; (e) shall be binding upon, and inure to the benefit of, the parties and their respective successors and permitted assigns. This Agreement shall not be assigned by Recipient, and any purported assignment shall be void and of no effect whatsoever. The waiver by either party of any default or breach of this Agreement will not constitute a waiver of any other or subsequent default or breach. No act, delay or omission on the part of either party will be deemed a waiver unless expressly made in writing. No provision of this Agreement may be amended or modified unless such amendment or modification is agreed to in writing and signed by the Recipient and by a duly authorized officer of the MSP Group. In the event that one or more clauses of this Agreement are finally adjudicated by a court of competent jurisdiction to be unenforceable, the remainder of this Agreement shall remain in force and be interpreted in a manner reasonably consistent with the original intention of the parties as set forth herein.

IN WITNESS WHEREOF, this Agreement has been duly executed as of the day and year first set forth above.

**Recipient**
**Pendley, Baudin and Coffin, L.L.P.,**
a Louisiana limited liability partnership

Signature: _Christopher L. Coffin_
Print Name: _Christopher L. Coffin_
Title: _Partner_
Date: _May 15, 2018_

**Company**
**La Ley Con John H, Ruiz, P.A.,**
a Florida professional association

Signature: _____
Print Name: _Frank Quesada_
Title: _Auth. Rep_
Date: _5/15/18_

# EXHIBIT B

From: Christopher Guth christophermguth@gmail.com
Subject: Correspondence from Sashi Bach Regarding Hazel Partners Holdings, LLC
Date: May 1, 2025 at 7:33:18 PM
To: Kristen Lindeman klindeman@bsfllp.com
Cc: msprecovery@hazelholdingsllc.com, Sashi Bach sbach@bsfllp.com, Evan Ezray Eezray@bsfllp.com, Chris Coffin ccoffin@coffinlawllc.com, John Milito John@mfr7.com, John Ruiz JRUIZ@msprecoverylawfirm.com, sbaudin@pbclawfirm.com, Frank Quesada FQUESADA@msprecoverylawfirm.com, Michael Mena mmena@msprecoverylawfirm.com, dwalsh@gsgpa.com, GGreenberg@gsgpa.com

---

Some people who received this message don't often get email from christophermguth@gmail.com. Learn why this is important

CAUTION: External Email.

I'm not sure you are sending this correspondence to the right person. Happy to have a call to discuss to make sure.

-Chris

On Thu, May 1, 2025 at 6:15 PM Kristen Lindeman <klindeman@bsfllp.com> wrote:

Dear Mr. Guth,

Attached please find the letter from Sashi Bach with new attachments.

Thank you,

**Kristen Lindeman**
Legal Assistant

**BOIES SCHILLER FLEXNER** LLP
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
(t)  +1 954 377 4222
(m) +1 954 356 0011
KLindeman@bsfllp.com
**www.bsfllp.com**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☒ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | CIVIL ACTION SUMMONS (b) | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | Form for Personal Services on a<br>Natural Person | 2025-008688-CA-01 |

| PLAINTIFF(S) | VS        DEFENDANT(S) | CLOCK IN |
|---|---|---|
| La Ley Con John H. Ruiz, P.A., d/b/a MSP Recovery, Law Firm, MSP Recovery, Inc., MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA Claims 1, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series, LLC, MAO MSO Recovery LLC | Pendley, Baudin & Coffin, LLP, Coffin Law, LLC, Christopher L. Coffin, individually, Boies Schiller Flexner, LLP, Sashi Bach, individually | |

**THE STATE OF FLORIDA:**TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br><br>Christopher L. Coffin | Address:<br><br>24110 Eden Stree, Plaquemine, LA 70746 or<br>1311 Ponce de Leon Avenue, San Juan, Puerto Rico 00907 |
|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

**MIAMI-DADE COUNTY COURT LOCATIONS**

| ☒ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney John H. Ruiz, Esq.<br>                        MSP Recovery Law Firm<br><br>Florida Bar No. 928150 | Address:<br><br>3150 SW 38th AV, Suite 1100, Miami, FL 33146 |
|---|---|

| **JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS** | | **DATE ON:** |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☒ CIVIL | (a) GENERAL FORMS | 2025-008688-CA-01 |
| ☐ DISTRICTS | | |
| ☐ OTHER | | |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| La Ley Con John H. Ruiz, P.A. d/b/a MSP Recovery Law Firm, MSP Recovery, Inc, MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series LLC, MAO-MSO Recovery, LLC | PENDLEY, BAUDIN & COFFIN, LLP, COFFIN LAW, LLC CHRISTOPHER L. COFFIN, individually, BOIES SCHILLER FLEXNER, LLP, SASHI BACH, individually, | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): _____ PENDLEY, BAUDIN & COFFIN, LLP _____

_____ C/O STANLEY P. BAUDIN, REGISTERED AGENT _____

_____ 24110 EDEN STREET _____

_____ PLAQUEMINE, LA 70764 _____

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: _____ John H. Ruiz, Esq. _____

whose address is: _____ MSP Recovery Law Firm _____

_____ 3150 SW 38th Ave., Suite 1100 _____

_____ Miami, FL  33146 _____

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:_____<br>DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **(a) GENERAL FORMS** | 2025-008688-CA-01 |

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| PLAINTIFF(S) | VS.   DEFENDANT(S) | SERVICE |
|---|---|---|
| La Ley Con John H. Ruiz, P.A. d/b/a MSP Recovery Law Firm, MSP Recovery, Inc, MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series LLC, MAO-MSO Recovery, LLC | PENDLEY, BAUDIN & COFFIN, LLP, COFFIN LAW, LLC CHRISTOPHER L. COFFIN, individually, BOIES SCHILLER FLEXNER, LLP, SASHI BACH, individually, | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): _____ COFFIN LAW, LLC _____

_____ C/O CHRISTOPHER L. COFFIN, REGISTERED AGENT _____

_____ 24110 EDEN STREET _____

_____ PLAQUEMINE, LA 70764 _____

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: _____ John H. Ruiz, Esq. _____

whose address is: _____ MSP Recovery Law Firm _____

_____ 3150 SW 38th Ave., Suite 1100 _____

_____ Miami, FL  33146 _____

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:_____<br>DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 06/23

Filing # 223026183 E-Filed 05/13/2025 03:21:15 PM

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |
| ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. |

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2025-008688-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br>La Ley Con John H. Ruiz, P.A. d/b/a MSP Recovery Law Firm, MSP Recovery, Inc, MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA Claims 1, LLC, MAO-MSO Recovery II, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series LLC, MAO-MSO Recovery, LLC | **VS.  DEFENDANT(S)**<br>PENDLEY, BAUDIN & COFFIN, LLP, COFFIN LAW, LLC CHRISTOPHER L. COFFIN, individually, BOIES SCHILLER FLEXNER, LLP, SASHI BACH, individually, | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): _____ BOIES SCHILLER FLEXNER, LLP _____

_____ C/O COLBY ATTORNEYS SERVICES, CO., REGISTERED AGENT _____

_____ 850 NEW BURTON ROAD, SUITE 201 _____

_____ DOVER, DE 19904 _____

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: _____ John H. Ruiz, Esq. _____

whose address is: _____ MSP Recovery Law Firm _____

_____ 3150 SW 38th Ave., Suite 1100 _____

_____ Miami, FL  33146 _____

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **JUAN FERNANDEZ-BARQUIN**<br>**CLERK OF THE COURT AND COMPTROLLER**<br>**MIAMI-DADE COUNTY**<br>**CIRCUIT AND COUNTY COURTS** | BY:_____<br>DEPUTY CLERK | DATE |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

☐ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☒ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHERS | **CIVIL ACTION SUMMONS (b)**<br>Form for Personal Services on a<br>Natural Person | CASE NUMBER<br><br>2025-008688-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br>La Ley Con John H. Ruiz, P.A., d/b/a MSP Recovery, Law Firm, MSP Recovery, Inc., MSP Recovery, LLC, MSP Recovery Services, LLC, MSPA Claims 1, LLC, Series PMPI, a designated series of MAO-MSO Recovery II, LLC, MSP Recovery Claims, Series, LLC, MAO MSO Recovery LLC | **VS      DEFENDANT(S)**<br>Pendley, Baudin & Coffin, LLP, Coffin Law, LLC, Christopher L. Coffin, individually, Boies Schiller Flexner, LLP, Sashi Bach, individually | CLOCK IN |

**THE STATE OF FLORIDA:**TO EACH SHERIFF OF THE STATE, YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on defendant:

| To Defendant(s):<br><br>Sashi Bach | Address:<br><br>662 Middle River Drive, Ft. Lauderdale, FL  33304 |
|---|---|

### IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address for the courthouse, and branch locations are listed below for your convenience.

**"For those unable to pay for an attorney, information on how to seek free legal assistance can be found at www.dadecountyprobono.org."**

#### MIAMI-DADE COUNTY COURT LOCATIONS

| ☒ **Dade County Courthouse** (05)<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | ☐ **Joseph Caleb Center Court** (20)<br>Suite 103<br>5400 N.W. 22nd Avenue<br>Miami, FL 33142 | ☐ **Hialeah District Court** (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 | ☐ **North Dade Justice Center** (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Beach, FL 33160 |
|---|---|---|---|
| ☐ **Miami Beach District Court** (24)<br>Room 200<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | ☐ **Coral Gables District Court** (25)<br>Room 100<br>3100 Ponce De Leon Blvd.<br>Coral Gables, FL 33134 | ☐ **South Dade Justice Center** (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plaintiff/Plaintiff Attorney John H. Ruiz, Esq.<br>                    MSP Recovery Law Firm<br><br>Florida Bar No. 928150 | Address:<br><br>3150 SW 38th AV, Suite 1100, Miami, FL  33146 |
|---|---|

| **JUAN FERNANDEZ-BARQUIN<br>CLERK OF THE COURT AND COMPTROLLER<br>MIAMI-DADE COUNTY<br>CIRCUIT AND COUNTY COURTS** | | DATE ON: |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2400, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174; Email ADA@jud11.flcourts.org; Fax (305) 349-7355 at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**