UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE No. 1:25-cv-22216-ALTONAGA/Reid**

LA LEY CON JOHN H. RUIZ, P.A. d/b/a
MSP RECOVERY LAW FIRM, MSP
RECOVERY, INC., MSP RECOVERY, LLC,
MSP RECOVERY SERVICES, LLC, MSPA
CLAIMS 1, LLC, MAO-MSO RECOVERY II,
LLC, SERIES PMPI, a designated series of
MAO-MSO RECOVERY II, LLC, MSP
RECOVERY CLAIMS SERIES LLC, and
MAO-MSO RECOVERY, LLC,

    *Plaintiffs*,

v.

PENDLEY, BAUDIN & COFFIN, L.L.P.,
COFFIN LAW FIRM, LLC, CHRISTOPHER
L. COFFIN, individually, BOIES SCHILLER
FLEXNER L.L.P, and SASHI C. BACH,
individually

    *Defendants*.
_____/

## MOTION TO SEAL TEMPORARILY THE UNREDACTED REMOVAL PLEADINGS

Defendants, Pendley, Baudin & Coffin L.L.P. ("PBC"), Coffin Law Firm, LLC ("CLF"), and Christopher L. Coffin, pursuant to Local Rule 5.4, request that the Court temporarily seal, pending a briefing schedule and further ruling, the following pleadings that were filed publicly with redactions: (1) the unredacted Notice of Removal; (2) unredacted Declaration of Christopher L. Coffin ("Coffin Declaration"); (3) unredacted Joint Venture Agreement ("JV Agreement"); and (4) unredacted Amendment to the Joint Venture Agreement ("JV Amendment"). (collectively, the "Unredacted Removal Pleadings"). In support, Defendants state:

.

1. Defendants do not believe the Unredacted Removal Pleadings should be sealed: they are not confidential; not covered by the Non-Disclosure Agreement Plaintiffs attached to their state court complaint; and are central to this dispute, which gives rise to a strong presumption of public access.

2. Defendants request this temporary seal solely to allow Plaintiffs, as the parties who have asserted a purported confidentiality interest in the materials, the opportunity to file a Motion to Seal, after which the Court can determine whether sealing is warranted. This request seeks to avoid potential prejudice to either party while the Court evaluates whether Plaintiffs can meet their burden to justify sealing.

3. Access to court materials is a fundamental public right. "The operations of the courts and the judicial conduct of judges are matters of utmost public concern, and [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted). "This right includes the right to inspect and copy public records and documents." *Id.* (internal quotations and citations omitted).

4. Plaintiffs, as the parties asserting confidentiality, must make a showing of good cause to seal the records. *Id*. at 1246 ("The right of access . . . may be overcome by a showing of good cause). Whether good cause exists depends on "the nature and character of the information in question." *Id.* (citation omitted).

5. In deciding a motion to seal, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an

opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id*.

6. "[T]he presumption of public access is much stronger with regard to dispositive documents"—such as those at issue here—"that relate to the merits of the case." *Paresky v. United States*, No. 18-23569, 2019 WL 4888689, at *2 (S.D. Fla. Aug. 30, 2019) (citation omitted).

WHEREFORE, Defendants respectfully request that the Court enter an order providing the following:

a. The Unredacted Removal Pleadings shall be filed under seal and sealed temporarily until such time as the Court resolves jurisdictional challenges (if any) and, if the Court retains jurisdiction, a Motion to Seal by Plaintiffs.

b. Specifically, to the extent Plaintiffs wish to maintain the Unredacted Removal Pleadings under seal, Plaintiffs shall file a Motion to Seal within **ten (10) days** of an order by the Court denying a Motion to Remand by Plaintiff or otherwise accepting jurisdiction. The temporary seal shall be extended until the Court resolves Plaintiffs' Motion to Seal and provides further direction.

c. If Plaintiffs do not file a Motion to Seal within **ten (10) days** of an order by the Court denying a Motion to Remand by Plaintiff or otherwise accepting jurisdiction, then the temporary seal shall end, and the Unredacted Removal Pleadings shall be unsealed.

d. If the Court grants a Motion to Remand by Plaintiffs, or otherwise remands the action to state court, then the issue of sealing may be addressed through motion practice in state court, consistent with applicable law.

In addition, Defendants respectfully request that the Court grant such other relief as it deems just and proper.

In accordance with Local Rule 7.1(a)(2), Defendants certify that undersigned counsel conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion. Undersigned counsel is authorized to represent that "Plaintiffs' position is that the Unredacted Removal Pleadings should be sealed as they are confidential and covered by the NDA, but Plaintiffs are agreeable to the procedure described in the motion's Wherefore clause."

Dated: May 15, 2025

        **BOIES SCHILLER FLEXNER LLP**

        By: */s/ Sashi Bach*
        SASHI C. BACH, ESQ.
        (Florida Bar No. 398276)
        CARL E. GOLDFARB, ESQ.
        (Florida Bar No. 125891)
        EVAN M. EZRAY, ESQ.
        (Florida Bar No. 1008228)
        401 East Las Olas Boulevard, Suite 1200
        Fort Lauderdale, Florida 33301
        Telephone: (954) 356-0011
        Facsimile: (954) 356-0022
        sbach@bsfllp.com
        cgoldfarb@bsfllp.com
        eezray@bsfllp.com
        ftleserve@bsfllp.com

        *Counsel for Pendley, Baudin & Coffin, L.L.P, Coffin Law Firm, LLC, and Christopher L. Coffin, individually*