## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 25-22216-CIV-ALTONAGA/Reid

**LA LEY CON**
**JOHN H. RUIZ, P.A.**; *et al.*,

        Plaintiffs,

v.

**PENDLEY, BAUDIN,**
**& COFFIN, L.L.P.**; *et al.*,

        Defendants.

_____/

### <u>ORDER</u>

    **THIS CAUSE** came before the Court on Defendants, Pendley, Baudin, & Coffin, L.L.P.; Coffin Law Firm, LLC; and Christopher L. Coffin's (the "Coffin Defendants[']") Response to Order to Show Cause [ECF No. 11], filed on May 20, 2025. The Court previously expressed concern that subject matter jurisdiction may be lacking in this removed action, given the presence of non-diverse Defendants Boies Schiller Flexner LLP and Sashi C. Bach (the "BSF Defendants"). (*See* May 15, 2025 Order [ECF No. 8] 1–4).[1] In their Response, the Coffin Defendants maintain that the BSF Defendants were fraudulently joined and thus, the Court may disregard their citizenship for jurisdictional purposes. (*See generally* Resp.). The Court disagrees.

    As previously noted, the Coffin Defendants removed this action based on diversity jurisdiction under 28 U.S.C. section 1332. (*See* Notice of Removal [ECF No. 1] ¶ 1; *see also id.*, Ex. 3, Compl. [ECF No. 1-3] 2–3). Diversity jurisdiction requires an amount in controversy that

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

exceeds $75,000 in value; and, as relevant here, the matter must be between citizens of different states. *See* 28 U.S.C. § 1332(a); *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir. 1994).

Notably, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction," the joinder is fraudulent, and "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (alteration added). To establish fraudulent joinder, "the removing party has the burden of proving *by clear and convincing evidence* that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (alteration adopted; emphasis added; citation and quotation marks omitted). "This burden is 'a heavy one' because the standard by which a district court reviews [allegations against a party claimed to be fraudulently joined] is 'a lax one.'" *Ennix v. Abbott Lab'ys*, No. 24-cv-61702, 2024 WL 4717084, at *2 (S.D. Fla. Oct. 10, 2024) (alteration added; quoting *Stillwell*, 663 F.3d at 1331–32).

The Coffin Defendants cannot carry that burden merely by arguing that Plaintiffs' claim against the non-diverse Defendants is unlikely to succeed or may ultimately be dismissed. "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (emphasis in original). This inquiry focuses on the plaintiff's pleading at the time of removal, supplemented by any affidavits or deposition transcripts submitted by the parties. *See Legg v. Wyeth*, 428 F.3d 1317, 1322–23 (11th Cir. 2005) (citations omitted).

The Coffin Defendants insist that the BSF Defendants were fraudulently joined because, in their view, Plaintiffs have no viable claim against the BSF Defendants.  (*See generally* Notice; Resp.).  They point out that: (1) the only relief sought in the Complaint is an injunction, which cannot stand alone as a cause of action; (2) Plaintiffs lack standing to pursue that relief because they allege only past conduct, not any ongoing or imminent harm; (3) the BSF Defendants are not parties to the Non-Disclosure Agreement ("NDA") on which the claim is based; and (4) even if they were, the NDA does not cover the disclosures at issue and, in any event, expired in 2019. (*See* Notice ¶¶ 37–50).

The relevant question is not whether the "claim" for injunctive relief (*see* Compl. ¶¶ 45–55) is viable under Florida law as currently framed, nor whether the NDA remains enforceable. Rather, it is whether, taking Plaintiffs' allegations as true, there is any possibility that a state court could impose liability on BSF or Bach.  *See Stillwell*, 663 F.3d at 1333.  The Coffin Defendants maintain the BSF Defendants acted solely as counsel, within the bounds of a now-expired NDA, and their conduct — sending letters on behalf of their clients — was protected and non-tortious. (*See* Resp. 11–18).  Yet, Plaintiffs allege BSF and Bach, acting as outside counsel for the Coffin Defendants, improperly disclosed Plaintiffs' confidential business information to third parties and interfered with Plaintiffs' financial and business relationships.  (*See* Compl. ¶¶ 32–55).

While the Complaint asserts only a single claim against the BSF Defendants — styled as a request for injunctive relief — the underlying allegations of pressure tactics, direct outreach to Plaintiffs' financial backer, and disclosure of confidential materials are not incidental; they form the core of a tortious interference claim.  (*See id.*); *see also Elandia Int'l, Inc. v. Ah Koy*, 690 F. Supp. 2d 1317, 1331 (S.D. Fla. 2010).  Defendants are therefore wrong to suggest that Plaintiffs

are manufacturing jurisdiction by invoking speculative theories that do not appear in the pleading. (*See* Resp. 9–10).

Defendants also contend that, even if the Court treats the Complaint as encompassing a tortious interference theory, joinder of the BSF Defendants is still fraudulent because Plaintiffs could not possibly state such a claim, let alone prevail on the claim. (*See* Resp. 10–18). But that contention misstates the applicable standard.

As noted, the issue is not whether Plaintiffs are likely to succeed or whether the BSF Defendants may ultimately defeat the claim on the merits. In fact, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (citation omitted). In making this determination, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id.* (citation omitted). Thus, the question is whether there is *any possibility* that Plaintiffs could state a cause of action against the BSF Defendants under Florida law. *See Stillwell*, 663 F.3d at 1332.

That possibility certainly exists. Defendants' contentions — that BSF acted only as an agent, that any disclosures were either authorized or nonconfidential, and that BSF's conduct reflected a good-faith effort to protect a financial interest (*see* Resp. 10–18) — may ultimately defeat liability. Yet, they hinge on factual disputes and defenses that cannot be resolved at this stage. *See Raybon v. Am. Fid. Assur. Co.*, No. 05-cv-276, 2005 WL 2002064, at *7, n.5 (M.D. Ala. Aug. 19, 2005) ("[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses." (alteration added;

quotation marks omitted; quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990)). So long as Plaintiffs' factual allegations, taken as true, support a possible recovery under Florida law — as they do here — the case must be remanded.  *See Triggs*, 154 F.3d at 1287.[2]

Unlike the out-of-circuit cases that Defendants cite, this is not a case where the Complaint offers no factual basis for liability against the non-diverse parties or asks the Court to conjure a claim.  *See Windy City Limousine Co., LLC v. Cincinnati Fin. Corp.*, No. 20-cv-04901, 2021 WL 4806384, at *4 (N.D. Ill. Oct. 14, 2021), *aff'd*, No. 21-3296, 2022 WL 1965903 (7th Cir. June 6, 2022) (finding fraudulent joinder where complaint asserted only a coverage dispute against the insurer and included no actual claims or factual allegations implicating the non-diverse agent, despite vague suggestions of possible future tort theories); *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (affirming a finding of fraudulent joinder where complaint named the non-diverse defendant but contained no factual allegations against him; plaintiffs could not rely on post-removal affidavits to assert a new theory not alleged in the complaint).

Nor does *Illoominate Media, Inc. v. CAIR Florida, Inc.*, 841 F. App'x 132 (11th Cir. 2020), support Defendants' position.  There, the Eleventh Circuit affirmed a district court's finding of fraudulent joinder because the plaintiffs offered "nothing beyond vague speculation" that the non-diverse defendant participated in the alleged conspiracy; and the pleading contained only sparse, unrelated references to that party.  *Id.* at 135.  Here, by contrast, Plaintiffs allege a cohesive, fact-specific course of conduct by the BSF Defendants — including improper disclosures, pressure tactics, and interference with financial relationships — that could conceivably support tortious

---

[2] Although the Coffin Defendants offer an affidavit asserting that the BSF Defendants acted with authorization and in good faith (*see generally* Decl. of Christopher L. Coffin [ECF No. 11-1]), such assertions raise factual disputes that must be resolved in Plaintiffs' favor at this stage, *see Crowe*, 113 F.3d at 1538; *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999) (holding that "all doubts about jurisdiction should be resolved in favor of remand to state court" (citations omitted)).

interference under Florida law.  (*See* Compl. ¶¶ 32–55).  That Plaintiffs sought only injunctive relief as a remedy does not eliminate the underlying substance of the claim; the Eleventh Circuit has made clear that even if a plaintiff mislabels the legal theory or fails to invoke the "correct" cause of action, a possibility of recovery based on the facts alleged defeats fraudulent joinder.  *See Triggs*, 154 F.3d at 1287 (citation omitted); *Crowe*, 113 F.3d at 1538.  And the Court cannot say with the requisite certainty that no viable claim exists.  *See Stillwell*, 663 F.3d at 1332–33.

Because subject matter jurisdiction is lacking, it is

**ORDERED** that the case is **REMANDED** to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County.  The Clerk is instructed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of May, 2025.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record